```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

| | |
|---|---|
| **PATRICIA DRAGON,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No. 3:05cv00771 (JBA) |
| : | |
| **I.C. SYSTEMS, INC.,** : | |
| Defendants. : | |

### Ruling on Plaintiff's Motion to Strike [Doc. # 43]

Having filed for summary judgment [Doc. #35], plaintiff moves [Doc. # 43] to strike portions of an affidavit [Doc. # 40] proferred by defendant in opposition to summary judgment. As this Court recently held in Court's Ruling in <u>Ricci, et al. v. DeStefano</u>, No. 3:04cv1109 (JBA), 2006 U.S. Dist. LEXIS 69305 (D. Conn. Sept. 18, 2006), a motion to strike is not appropriate to contest statements of fact in an opposing party's Local Rule 56 Statement, accompanying memorandum, or related evidence:

> Local Rule 56 (summary judgment) neither authorizes [ ] motions [to strike] nor contemplates them as an appropriate remedy for a violation of the rule. In fact, under Rule 12(f), motions to strike are only appropriately directed to <u>pleadings</u>, and neither a Local Rule 56(a) Statement nor the evidence supporting such a statement is a "pleading." <u>See</u> Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to cross-claim, third-party complaint, third-party answer, and "[n]o other pleading shall be allowed..."). Furthermore, motions to strike are to be directed at "redundant, immaterial, impertinent or scandalous matter," Fed. R. Civ. P. 12(f), not disputes over the admissibility of evidence.

<u>Ricci</u>, 2006 U.S. Dist. LEXIS 69305, at *4-5.

1

Accordingly, plaintiff's motion to strike [Doc. # 43] is DENIED.

IT IS SO ORDERED.

/s/
_____
JANET BOND ARTERTON
United States District Judge

**Dated at New Haven, Connecticut, this 31st day of October, 2006.**