UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA DRAGON,                :
     Plaintiff,                 :
                                :
v.                              :       Civil No. 3:05cv00771 (JBA)
                                :
I.C. SYSTEM, INC.,              :
     Defendant.                 :

**Ruling on Plaintiff's Motion to Reconsider Denial of Motion to Strike [Doc. #48] and Ruling on Motion to Strike [Doc. #43]**

Plaintiff Patricia Dragon moves for reconsideration [Doc. #48] of the Court's Ruling [Doc. #49] denying her Motion to Strike [Doc. #43] portions of an affidavit proffered by defendant in opposition to summary judgment. The Court grants plaintiff's Motion to Reconsider [Doc. #48], and after reconsideration and for the reasons that follow, the Motion to Strike [Doc. #43] is granted in part.

**I.    Motion for Reconsideration**

This Court has earlier noted the unhelpful phenomenon of "litigants' frequent use of motions to strike portions of the opponent's Local Rule 56(a) Statement, and evidence in support," and has concluded that neither the text of Rule 56 nor of Rule 12(f)[1] authorizes use of motions to strike for that purpose. See

---

[1] The Rule was intended to "afford[] a specific method of raising the insufficiency of a defense, a matter which has troubled some courts, although attack has been permitted in one way or another." Fed. R. Civ. P. 12(f) advisory committee's note on 1946 amendments.

1

Ricci v. DeStefano, No. 04cv1109, 2006 U.S. Dist. LEXIS 69305 (D. Conn. Sept. 18, 2006). Rule 12(f) read literally only provides for motions to strike directed at "pleadings," which an affidavit is not, see Nat'l Union Fire Ins. Co. of Pittsburgh v. Hicks, Muse, Tate & Furst, Inc., No. 02 Civ. 1334 (SAS), 2002 U.S. Dist. LEXIS 10672, at *6 (S.D.N.Y. July 10, 2002), and Rule 12's focus on "redundant, immaterial impertinent or scandalous matter" does not appear germane to the purpose of plaintiff's Motion to Strike incompetent or inconsistent affidavit averments. Rule 56(e) specifies what is required of a competent affidavit, and the consistency requirement that affidavits not contradict the affiant's deposition testimony is found in caselaw. See, e.g., Palazzo v. Corio, 232 F.3d 38, 44 (2d Cir. 2000) ("[A] party's deposition testimony as to a given fact does not foreclose a trial or an evidentiary hearing where the testimony is contradicted by evidence other than the deponent's subsequent affidavit . . ."). Defects in either area can be raised in summary judgment pleadings.

While the Court views summary judgment briefing as an appropriate and adequate opportunity to call affidavit improprieties to a court's attention, it recognizes that "the federal rules provide no other technique for challenging affidavits, . . . [and that] courts have been willing to view motions to strike as calling the propriety of affidavits into

2

question." Monroe v. Bd. of Educ., 65 F.R.D. 641, 647 (D. Conn. 1975).[2] In denying plaintiff's Motion to Strike certain affidavit paragraphs of defendant's employee, the Court relied on Ricci — concerning a party's Local Rule 56(a) statements only, not affidavits — and thus reconsideration is appropriate.

## II. Substance of the Motion to Strike

Plaintiff argues that certain paragraphs of Shelley Beckstrom-Ehlers's affidavit impermissibly go beyond authenticating ICS's business records and/or contradict what she testified to in her depositions in this case and in a previous case. In the Second Circuit, "[a]lthough a party does not show a triable issue of fact merely by submitting an affidavit that disputes his own prior sworn testimony, . . . a material issue of

---

[2] Plaintiff argues that the Second Circuit actually requires a motion to strike affidavits defective under Rule 56(e) to avoid waiver of the issue. See DeCintio v. Westchester Cty. Med. Ctr., 821 F.2d 111, 114 (2d Cir. 1987); In re Teltronics Servs., Inc., 762 F.2d 185, 192 (2d Cir. 1985). However, in DeCintio, as in several of the other cases cited therein, it is of note that no objection had been made below by any means — in briefings or a motion to strike — to the form of the unsworn written statements attached to the party's sworn affidavit. See Davis v. Sears, Roebuck & Co., 708 F.2d 862, 864 (1st Cir. 1983) (holding that objections are waived where "a party submits an inadmissible affidavit and the opposing party does not move to have it stricken," but noting that the memorandum in opposition did not include an objection to the affidavit); Scharf v. United States Attorney General, 597 F.2d 1240, 1243 (9th Cir. 1979) ("Generally, . . . formal defects are waived absent a motion to strike or other objection, neither of which occurred here."); accord Assoc. Press v. Cook, 513 F.2d 1300, 1303 (10th Cir. 1975); Klingman v. Nat'l Indemnity Co., 317 F.2d 850, 854 (7th Cir. 1963).

3

fact may be revealed by his subsequent sworn testimony that amplifies or explains, but does not merely contradict, his prior testimony," Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).[3] The following analysis is limited to paragraphs 11, 13, 19, and 21 of the affidavit, as the other contested paragraphs are not relied upon by the Court in its Ruling on Summary Judgment.

### A.   Paragraphs 11, 13, 19

According to plaintiff, these paragraphs contradict Beckstrom-Ehlers's deposition testimony in this case and in a separate, earlier case, Fratzke v. I.C. Systems Inc., No. CV-05-1115JRT/RLE (D. Minn.), and reflect a misinterpretation of or are unsupported by ICS's business records.

---

[3] In applying this consistency principle, it is of no consequence whether the allegedly contradicted deposition is from the case at bar or another case in which the party gave a deposition on the subject.  The cases holding that, on summary judgment, a person's affidavit may not be submitted to contradict his or her deposition only refer to the "affiant's previous deposition testimony."  See Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996); Palazzo v. Corio, 232 F.3d 38, 43 (2d Cir. 2000); see also United States v. Eisner, 59 Fed. Appx. 379 (2d Cir. 2003) (finding no error with the district court's admission of the defendant's deposition transcript from an unrelated proceeding); Gulf USA Corp. v. Fed. Ins. Co., 259 F.3d 1049, 1056 (9th Cir. 2001) ("Sworn deposition testimony may be used by or against a party on summary judgment regardless of whether the testimony was taken in a separate proceeding. . . . Such testimony is considered to be an affidavit pursuant to Federal Rule of Civil Procedure 56(c), and may be used against a party on summary judgment as long as the proffered depositions were made on personal knowledge and set forth facts that were admissible in evidence.").

In paragraph 11, Beckstrom-Ehlers states that plaintiff's attorney "dispute letter was conveyed to Dell for any further handling of the dispute. . . . In accordance with the practice and procedure utilized for Dell accounts, I.C. ceased its collection efforts on I.C. Account number 20699629." Plaintiff argues that this paragraph is "hearsay, entirely unsupported by any business records," and is "inadmissible and irrelevant." (Mot. to Strike [Doc. # 43-2] at 3.) However, the paragraph is consistent with the activity log of plaintiff's first ICS account showing that no collection activity occurred after the "ATTY DISPUTE" flag was entered on February 7, 2005 (see First ICS account log, Def. Ex. A [Doc. #40]), and it is conceivable that Beckstrom-Ehlers, as a 21-year employee of ICS and supervisor of the Dell collection team in the first half of 2005, had some personal knowledge of plaintiff's account and the conveyance of the dispute letter to Dell. Also, paragraph 11 is relevant to consideration of plaintiff's claim that ICS attempted to collect on her debt after she requested verification. It will not be struck.

Paragraph 13 states that "Dell provided no validation of plaintiff's debt," and thus plaintiff's first ICS account "was formally closed and returned to Dell" on March 15, 2005 and ICS "refrained from further collection efforts" on plaintiff's account. Dragon argues that these statements are contradicted by

5

ICS business records, specifically that Dell was responsible for recalling the first account, and that plaintiff's back-end account was opened contemporaneous with front-end termination. (Pl. Mot. at 3.) In the Ruling on Plaintiff's Motion for Partial Summary Judgment, the Court found undisputed that plaintiff's front-end and back-end ICS accounts represented the same debt. The overlapping timeline of these accounts on defendant's business records is not contradicted by Beckstrom-Ehlers's affidavit; nor is it significant that Beckstrom-Ehlers asserts that ICS, as opposed to Dell, closed the account, the point being that ICS executed the directives received from Dell.  Paragraph 13 will not be struck.

Plaintiff moves to strike paragraph 19, specifically attacking Beckstrom-Ehlers's claims of "entirely new placement," "entirely new debt," and ICS's lack of "awareness that the amount placed was the subject of the earlier dispute."  First, although Beckstrom-Ehlers's <u>Fratzke</u> deposition testimony refers to the linkage of front-end and back-end accounts, this does not necessarily contradict the affidavit's claim of a new "placement" by Dell.  Second, as stated above, the Court rejects plaintiff's assertion that the business records reflect contemporaneity of plaintiff's first and second accounts.  The Court will preserve most of paragraph 19, but will strike the second sentence of paragraph 19, which states, "Initially, I.C. had no awareness

6

that the amount placed was the subject of the earlier dispute because it was presented as a new placement." Although Beckstrom-Ehlers's was the Dell team supervisor for the first half of 2005, her affidavit does not "show affirmatively that [she] is competent to testify" as to whether ICS had actual knowledge that plaintiff was represented when collecting on her back-end account, Fed R. Civ. P. 56(e). The Court strikes sentence 2 of paragraph 19.

**B.     Paragraph 21**

In paragraph 21, Beckstrom-Ehlers states that "[a]ccount balances are not adjusted on a daily basis. Dell typically provides updates monthly," which plaintiff claims is "contradicted by defendant's own computer records show[ing] interest adjusted almost daily," namely the "Debtor Notes" (appended to plaintiff's Reply memorandum) reflecting near-daily "accured [sic] interest" increases in plaintiff's balance due to Dell. The statements in paragraph 21 are based on Beckstrom-Ehlers's personal knowledge of Dell's general practices attained in the course of her work at ICS, and Dell's interest-adjustment routine is potentially relevant to whether plaintiff was advised of her actual "amount owed" and/or whether ICS had a procedure in place to avoid billing error. Thus, paragraph 21 will not be struck under Rule 12(f).

## III. Conclusion

Accordingly, plaintiff's Motion to Reconsider [Doc. #48] is granted, and plaintiff's Motion to Strike [Doc. #43] is granted in part. Ruling [Doc. #49] is VACATED in light of the above.

                                           IT IS SO ORDERED.

                                           /s/

                                           _____

                                           JANET BOND ARTERTON
                                           United States District Judge

**Dated at New Haven, Connecticut, this 21st day of March, 2007.**